[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#112)
On December 18, 1995, the plaintiff, Gayle Jones, was operating her vehicle on Long Hill Road in Groton, CT, when it was struck from behind by the vehicle operated by the defendant, Josphine McTigue. On November 29, 1997, the plaintiff filed a two count complaint seeking damages against McTigue (count one), and underinsured motorist benefits from the defendant, Providian Property and Casualty Insurance Company ("Providian") (count two).
At the time of the accident, McTigue carried a policy of insurance with Phoenix Insurance Company with a liability limit of $100,000. Jones carried automobile insurance with Providian, with uninsured/underinsured motorist coverage providing split limits of $100,000 per person and $300,000 per accident.
On November 5, 1998, Providian moved for summary judgment as to the second count of the complaint, arguing that there is no genuine issue of fact concerning its lack of liability to pay underinsured motorists benefits to Jones. Providian argues that McTigue's vehicle was not "underinsured" as defined by the policy of insurance and as set forth in Connecticut caselaw and statute. On November 9, 1998, Jones filed a motion in opposition and a memorandum of law in support.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doucette v. Pomes247 Conn. 442, 452, ___ A.2d ___ (1999).
Providian argues that because the liability limit of McTigue's policy of insurance is equal to the per person limits of underinsured motorist coverage under the Jones policy, McTigue's vehicle is not "underinsured" as defined by General Statutes § 38a- 336(e) or pursuant to Jones policy of insurance.
In opposition, Jones argues that it is the per accident underinsured motorist limit of her policy which should be used to determine whether McTigue's vehicle is underinsured. CT Page 3863
General Statutes § 38a-336 (b), obligates insurance companies to pay the underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted. General Statutes § 38a-336 (b).
An underinsured motor vehicle is defined as a "motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subdivision (b) of this section." General Statutes § 38a-336 (e).
"Courts construing statutes . . . that compare uninsured motorist coverage limits with tortfeasor liability limits have generally held that the legislative objective was simply to give an insured who is injured in an accident the same resource he would have had if the tortfeasor had carried liability insurance equal to the amount of the insured's uninsured motorist coverage. Where an underinsured motor vehicle is statutorily defined as an insured motor vehicle with applicable liability limits less in amount than the injured persons uninsured motorists limits, it is clear that the underinsured motorist coverage is not applicable if the insured persons uninsured motorist limits are equal to, or less than, the tortfeasor's liability limits." (Internal quotation marks omitted.) American Motorists Ins. Co. v. Gould,213 Conn. 625, 632, 569 A.2d 1105 (1990). Where the insurance policy is a split limit policy, "the total of the per person limit is the amount of liability insurance available to the claimant. Covenant Ins. Co. v. Coon, 220 Conn. 30, 34,594 A.2d 977 (1991).
In Covenant Ins., Co. v. Coon supra, the tortfeasor carried liability insurance with liability limits of $25,000 per person and $50,000 per accident. The court held that "even though [the tortfeasor] had $50,000 per accident liability limits, [the claimant] never had more than $25,000 of this coverage potentially available to her. Thus, it is consistent with our earlier interpretation of [General Statutes §] 38a-336 to conclude that the total of the per person limit is the amount of liability insurance available to the claimant, i.e., $25,000."Covenant Ins. Co. v. Coon, supra, 220 Conn. 34.[1]
The court in D'Arcangelo v. Hartford Casualty Ins. Co.,
CT Page 386444 Conn. App. 377, 689 A.2d 502, cert. denied 240 Conn. 925, 692 A.2d (1997), relying on Covenant Ins. Co. v. Coon, supra, similarly held that when determining whether a tortfeasor's vehicle is underinsured, the tortfeasor's single liability insurance limit must be compared to the total per person limits, not the per accident limits, under the claimants uninsured/underinsured motorist policy. D'Arcangelo v. HartfordCasualty Ins., supra, 44 Conn. App. 380-81. See also Cotter v.Allstate Insurance Co. Superior Court, judicial district of New Haven at New Haven, Docket No. 388976 (October 2, 1998, Zoarski,
J.T.R.) (applicable limit of liability for underinsured coverage is the limit of $200,000 for "each person" rather than $600,000 for "each accident" in plaintiff's policy).
Jones argues, however, that the "per accident" underinsured motorist benefits of her policy are triggered because: (1) there are multiple claims against McTigue's policy; and (2) McTigue's policy covers both property and bodily injury claims.
Initially, the court notes that the aforecited cases, wherein the courts held that the "per person" liability limit was the proper amount of underinsured motorist insurance available to the claimant, also involved multiple claims against the tortfeasor. Also, this court finds no authority for the proposition that the application of a "per person" liability limit would be improper because the policy proceeds of a tortfeasor can be used to satisfy property damage claims as well.
In American Motorists Ins. v. Gould, supra, the court held that a vehicle is underinsured only if the total liability limits of the tortfeasor's policy are less than the limits of the claimants underinsured motorist coverage, regardless of whether some or all of the tortfeasor's coverage is used to pay other injured claimants. American Motorists Ins. v. Gould, supra,213 Conn. 625. "The fact that [the tortfeasor's] liability coverage has been exhausted because of multiple claims does not change the effect of the statute in activating uninsured motorist coverage only when the liability insurance of the tortfeasor is less in amount." Id., 633. "[T]he legislature, in providing underinsured motorist coverage, [did not] necessarily intend to guarantee that each and every accident victim would be fully, or even adequately, compensated for injuries caused by an underinsured motorist." Florestal v. Government Employees Ins. Co.236 Conn. 299, 306, 673 A.2d 474 (1996). CT Page 3865
Applying the rationale espoused in Gould, this court finds that Jones' "per accident" underinsured motorist limit is not triggered merely because the liability insurance proceeds available to her may be reduced by the payment of bodily injury or property damage claims to other claimants.
This court finds that there is no basis upon which to distinguish the present case from the Covenant v. Coon, supra, rationale. Therefore, this court further finds that the total amount of underinsured coverage available to the plaintiff is $100,000. Because this amount is equal to the limit of liability insurance available under McTigue's policy, the McTigue vehicle is not underinsured. Accordingly, the defendants motion for summary judgment is granted.
Martin, J.